# IN THE COURT OF APPEALS OF IOWA

No. 24-0466
Filed June 18, 2025


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EPHIREM SAMUEL GURISHO,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Marshall County, Kathryn E. Austin, Judge.


        A defendant appeals his consecutive prison sentences.  **AFFIRMED.**


        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered without oral argument by Tabor, C.J., Langholz, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TABOR, Chief Judge.**

Ephirem Gurisho entered *Alford* pleas[1] to two counts of assault with intent to commit sexual abuse and one count of indecent contact with a child. The district court sentenced him to incarceration for an indeterminate twelve-year term (four years for each count) with credit for time served. The court calculated the four-year term for each count based on the enhanced sentencing provision under Iowa Code section 901A.2(1) (2021).[2] Gurisho contends that the court abused its discretion by imposing consecutive sentences of incarceration without stating sufficient reasons. Finding adequate reasons in the sentencing colloquy, we affirm.

## I. Facts and Prior Proceedings

Fourteen-year-old N.O. was staying overnight at the home of N.L, age thirteen, and M.L., age twelve.[3] Around 3:00 a.m., Gurisho, who was eighteen, showed up in front of their house. After Gurisho spoke with the victims, he gave goodbye hugs to all three. With minor variations among the victims, Gurisho's hugs were accompanied by sexual suggestions and groping or grabbing of their breasts, buttocks, and thighs outside their clothing. Later, N.O.'s mother and N.O. reported Gurisho's conduct to the Marshalltown Police Department.

The State charged Gurisho with one count of sexual abuse in the third degree, one count of assault with intent to commit sexual abuse, and two counts

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("[A]n express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").
[2] This sentencing enhancement applied because Gurisho was convicted of sexual abuse in the third degree in 2020.
[3] Gurisho agreed at sentencing that the district court could determine a factual basis from the minutes of testimony, so we rely on the minutes for these facts.

of indecent contact with a child. In exchange for his *Alford* pleas, the State agreed to amend the charges to two counts of assault with intent to commit sexual abuse in violation of Iowa Code section 709.11(3) and one count of indecent contact with a child in violation of section 709.12.[4] The district court found a factual basis for the three counts and accepted Gurisho's *Alford* pleas. At the sentencing hearing, the State requested consecutive prison terms. Gurisho asked for either consecutive suspended sentences or concurrent prison terms based on the fact that all of the crimes arose from the same incident.

After listening to both parties and considering the seriousness of Gurisho's conduct and its impact on the three victims, the court imposed an indeterminate twelve-year prison term:

> I have made the determination that consecutive sentences are appropriate in this matter due to the nature of the offenses charged as well as the separate victims, and while I appreciate that these all sprang out of the same event, in recognition of the victims, I find that a consecutive sentence is appropriate based on the seriousness of the charge and the domestic violence admissions as well as the information contained within the minutes of testimony. I believe that this sentence best provides for his rehabilitation as well as the protection of the community.

Gurisho appeals that sentence.[5]

## II.     Scope and Standard of Review

We review sentences within the statutory limits for an abuse of discretion. *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). Before *State v. Hill*, appellate

---

[4] The State agreed to dismiss the other count of indecent contact with a child.
[5] Gurisho has good cause to appeal under Iowa Code section 814.6(1)(a)(3) because he alleges error in sentencing. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (providing good cause exists when a defendant "appeals a sentence that was neither mandatory nor agreed to in the plea bargain").

courts could infer reasons for consecutive sentencing from the district court's overall sentencing plan. 878 N.W.2d 269, 275 (Iowa 2016). But post-*Hill* case law requires the district court to explicitly state reasons for ordering consecutive sentences. *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024). In doing so, the court may resort to the same reasons for imposing a sentence of incarceration. *Id*. at 458. And a "terse and succinct" statement can be enough if its brevity does not hinder appellate review. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

## III. Analysis

The district court provided clear reasons for imposing consecutive sentences. *See* Iowa R. Crim. P. 2.23(2)(f); *Luke*, 4 N.W.3d at 456. The court based its sentencing decision on "the seriousness of the charge" and the harms done to the "separate victims." The court also believed that the sentence would best provide for Gurisho's rehabilitation and the protection of the community.

In challenging his sentence, Gurisho fails to pinpoint deficiencies in the district court's reasoning. Gurisho claims that the court failed to give sufficient reasons for his consecutive prison sentences—but offers no elaboration.

While the court did not provide a lengthy explanation for the indeterminate twelve-year sentence, its "terse and succinct" statements permit us to review its exercise of discretion. *See Thacker*, 862 N.W.2d at 408. Thus, we find no cause for resentencing.

**AFFIRMED.**